United States District Court
Southern District of Texas
**ENTERED**
February 19, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| JANE DOE § | |
| § | |
| VS. § | MISC. ACTION NO. 5:25-mc-41 |
| § | |
| CITY OF LAREDO *et al.* § | |

## ORDER

Before the Court is Plaintiff's motion for leave to file her complaint under seal and proceed under a pseudonym (Dkt. No. 1). Defendants have not yet been served and thus have not been afforded an opportunity to oppose Plaintiff's motion. For the following reasons, Plaintiff's motion (Dkt. No. 1) is **GRANTED**. However, while the Court will allow Plaintiff to proceed under a pseudonym at the outset of the case, Defendants may challenge Plaintiff's anonymity at a later stage if they believe she should be required to disclose her identity.

Plaintiff's complaint alleges she was sexually assaulted, and she therefore claims that "[p]ublic disclosure of her identity under these circumstances poses a substantial risk of further harm, harassment, or retaliation" (Dkt. No. 1 at 1). She states that "[f]orced disclosure of her real name at this stage would risk further trauma, public stigma, and potential harm. It could also deter victims of sexual or violent crimes from reporting misconduct" (Dkt. No. 1 at 2).

However, while Plaintiff asserts that courts have "broad discretion" to allow a complainant to proceed under a pseudonym in certain circumstances, in reality there is a presumption of disclosure which is only outweighed in "exceptional cases" (Dkt. No. 1 at 2). *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981). Federal Rule of Civil

Procedure 10(a) "require[s] plaintiffs to disclose their names in the instrument they file to commence a lawsuit," and "First Amendment guarantees are implicated when a court decides to restrict public scrutiny of judicial proceedings." *Id.*

It is true that courts have allowed anonymity in cases involving plaintiffs who were sexually assaulted. *See Doe v. El Paso Cnty. Hosp. Dist.*, No. EP-13-CV-00406-DCG, 2015 WL 1507840, at *4 (W.D. Tex. Apr. 1, 2015) (collecting cases). But this is not a blanket rule, and courts have also found that anonymity is unwarranted in other cases involving sexual assault of the plaintiff. *See Does 1-3 v. Sung Bum Chang*, No. 3:08-CV-2189-N, 2010 WL 11618786, at *3 (N.D. Tex. Feb. 9, 2010) (collecting cases); *see also Doe v. Trustees of Socorro Indep. Sch. Dist.*, No. EP-18-CV-00162-FM, 2018 WL 11471569, at *2 (W.D. Tex. June 25, 2018) (quoting *Stegall*, 653 F.3d at 186) ("There is no exact 'formula for ascertaining whether a party may sue anonymously.'").

Because Plaintiff filed this motion under seal and has not yet served Defendants, they are unable to contest whether the particular facts of this case warrant anonymity. On the other hand, the Court is sensitive to the harms Plaintiff alleges may occur if her identity is disclosed. Therefore, while the Court is inclined to grant Plaintiff the protection she seeks at this time, Defendants may challenge Plaintiff's anonymous status after service if they choose to do so. This eliminates any potential harm posed to Plaintiff by litigating under her real name, while minimizing potential unfairness to Defendants.

On a procedural note, Plaintiff filed the pending motion, with an attached and signed complaint, with four days left before the expiry of the sixty-day right-to-sue

period provided in her Texas Workforce Commission letter, which was also attached to the motion (Dkt. No. 1-1 at 17–18). The motion and complaint were filed with the Court as a miscellaneous matter and, thus, a civil case has not yet opened.

Despite the fact that the civil case will be opened after the right-to-sue period, Plaintiff filed the motion and complaint before the period lapsed, and any delay is attributable to the time it took for the Court to consider Plaintiff's motion. Therefore, the Court deems the complaint timely filed. *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."); *Callender v. Am. Airlines*, No. 3:11-CV-2382-B-BN, 2013 WL 357819, at *2 (N.D. Tex. Jan. 30, 2013) (deeming complaint timely filed as of date motion to intervene was filed rather than date of subsequent approval by court); *U.S. for Use & Benefit of Canion v. Randall & Blake*, 817 F.2d 1188, 1192 (5th Cir. 1987) ("We see no justification for a rule that would bar a meritorious action as untimely because of a congested court docket or other circumstances over which the claimant has absolutely no control.").

Accordingly, Plaintiff's motion to file her complaint under seal and proceed under the pseudonym "Jane Doe" (Dkt. No. 1) is **GRANTED**. Plaintiff must serve Defendants and provide them with a full, unredacted copy of the complaint and the Texas Workforce Commission letter (Dkt. Nos. 1 at 2–3; 1-1).

The Clerk of Court is **DIRECTED** not to publicly disclose Plaintiff's true name or any other personally identifying information. The Clerk is further **DIRECTED** to file Plaintiff's complaint and exhibit A, the Texas Workforce Commission letter (Dkt. No. 1-1), **UNDER SEAL**. The Clerk is **DIRECTED** to assign a new civil action number to this case and maintain the docket under seal to the extent necessary to

protect Plaintiff's identity. Plaintiff **SHALL** promptly file a redacted version of the complaint, referring to Plaintiff as "Jane Doe," on the public docket after the Clerk assigns the civil action number. Defendants and their counsel **SHALL NOT** disclose Plaintiff's true identity publicly. However, as stated above, they may later elect to challenge Plaintiff's anonymous status.

It is so **ORDERED**.

**SIGNED** February 18, 2025.

Marina Garcia Marmolejo
United States District Judge